Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
John Tehranian (Bar No. 200767)
jtehranian@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

*Attorney for Plaintiff,*
*Elmer Saflor*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

ELMER SAFLOR, an individual,

Plaintiff,

v.

METAVIEW LABS, INC., a Delaware corporation, DOES 1-10 inclusive,

Defendants.

Case No.:

**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**

**DEMAND FOR JURY TRIAL**

Plaintiff, Elmer Saflor ("Saflor" or "Plaintiff"), complains against Defendant Metaview Labs, Inc. ("Defendant" or "Metaview Labs"), and Does 1-10 (collectively, "Does Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendant for acts of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101, *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, and on information and belief, the Defendant may be found in this judicial district and the injury suffered by Plaintiff took place in this judicial district. Defendant is subject to the general and specific personal jurisdiction of this Court because it has its principal place of business in this judicial district and has engaged in continuous and systematic business in this judicial district, including by advertising in this district with ads that infringe Plaintiff's copyright, operating an office in this district and hiring in this district.

## PARTIES

3. Plaintiff Elmer Saflor is an individual residing in the Philippines.

4. On information and belief, Metaview Labs, Inc. is a Delaware corporation with its principal place of business in San Francisco, California.

5. The true names or capacities, whether individual, corporate or otherwise, of the Does Defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when ascertained.

## FACTS COMMON TO ALL COUNTS

*Saflor and the Digital Artwork that Frames This Dispute*

6. Saflor is a digital creator and artist based in the Philippines.

7. Among many other fictional characters, Saflor created Superelmer, a human-like cartoon depicted in digital artwork and comics. One of Saflor's most popular creations, *Running Away Balloon*, is a piece of digital art that depicts a two-box comic strip featuring a stylized rendition of Superelmer. As seen here, in the first box, Superelmer reaches for a yellow balloon while smiling. In the second box, the same image is recreated with a few key changes: this time it shows a supersized bead of sweat dripping down Superelmer's face as a larger, pink figure looms directly behind him.



8. All rights, title and interest in the *Running Away Balloon* art, including but not limited to the copyrights therein and thereto, are owned by Saflor. Saflor filed for copyright registration of the *Running Away Balloon*. The copyright registration number is VA 2-397-201 with an effective registration date of March 21, 2024. A true and correct copy of Plaintiff's copyright registration certificate is attached hereto as **Exhibit A**.

9. Saflor has never licensed, sold, authorized or in any way provided permission to Defendant to reproduce, distribute, publicly display, derivatize or otherwise make any use of *Running Away Balloon* in any way and any such activity is without permission, consent or license of Saflor.

10. On information and belief, Defendant Metaview Labs, Inc. is an AI-native recruiting and hiring platform that builds autonomous AI agents for sourcing, screening, interviewing, note-taking and workflow automation.

11. The AI Notetaking automatically records, transcribes, and summarizes interviews. The AI Sourcing identifies target talent using context of open roles and the AI Application Review automates the grading of inbound applications and conducts autonomous initial audio/voice screens.

12. Defendant's website www.Metaview.ai offers a modular, per AI agent month to month pricing structure offering specialized plans for its AI Notetaker, AI Sourcing, and Application Review services. There are 3 pricing tiers for each service which vary in pricing from $0 per month to $300.

13. Defendant derives substantial revenue from its services given that their website offers monthly subscriptions for their AI services. The Defendant currently does business with over 5000 world class companies such as EleventLabs, Affirm, Airtable, and Replit.

*Defendant's Unauthorized Use of Elmer Saflor's Digital Art*

14. Based on publicly available information, Defendant has run 13 LinkedIn paid commercial ad campaigns that have run between September 11, 2024 to October 14, 2026 which is after the copyright registration and which ads have at least around 60,000 US impressions. These commercial ads use the *Running Away Ballon* digital artwork. Attached hereto as **Exhibit B** and incorporated herein by reference are true and correct screenshots of the infringing posts.

15. In these commercial ads, the Defendant places its Metaview logo over Plaintiff's art and adds the commercial advertising verbiage of "Engage with candidates on a human level" depicting the running figure in the art as the "Recruiter" and the pink figure as the one to "Furiously type down everything you say in case you need it later." The headline reads: "You focus on the hiring. Let Metaview's AI take care of the notes." For example, below is a screenshot of one of the Defendant's paid ads that has received over 1 million impressions:




16. Other paid campaigns running the ad with Plaintiff's work have had collectively hundreds of thousands of further impressions. As such, Defendant has violated federal law by willfully infringing Plaintiff's copyrights to the *Running Away Balloon* digital artwork by using and modifying Plaintiff's art in commercial ads to promote its products and services on multiple distinct advertising runs.

17. On information and belief, Defendant is a sophisticated entity that is well-aware of the need to license Saflor's, or any other creator's copyrighted digital art when offered for commercial use.

**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement, 17 U.S.C. § 501 - Against Defendant Metaview Labs, Inc. and DOE Defendants)**

18. Saflor incorporates by reference the allegations in paragraphs 1 through 17 above.

19. Saflor is the owner of all rights, title, and interest in the copyright of the *Running Away Balloon* art that frames this dispute, which substantially consists of wholly original material and which is copyrightable subject matter under the laws of the United States.

20. Saflor has registered his digital artwork *Running Away Balloon* with the United States Copyright Office. *See* Ex. A, VA 2-397-201 (March 21, 2024).

21. Starting in September 2024, and continuing until today, Defendant has directly, vicariously and/or contributorily willfully infringed Saflor's copyright by reproducing, displaying, distributing, derivatizing, and utilizing the *Running Away Balloon* art, or derivative versions thereof, for purposes of trade in violation of 17 U.S.C. § 501 *et seq.*

22. Defendant's acts are and were performed without permission, license or consent of Saflor.

23. As a result of the acts of Defendant alleged herein, Saflor has suffered economic damage.

24. Defendant has willfully infringed, and unless enjoined, will continue to infringe Saflor's copyright by knowingly reproducing, displaying, distributing, derivatizing, and utilizing his artwork.

25. The wrongful acts of Defendant have caused, and are causing, injury to Saflor, which cannot be accurately computed and unless this Court restrains

Defendant from further commission of said acts, Saflor will suffer irreparable injury, all of which it is without an adequate remedy at law. Accordingly, Saflor seeks a declaration that Defendant is infringing Saflor's copyrights, and an order under 17 U.S.C. § 502 enjoining Defendant from any further infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. That Defendant, and their officers, agents, servants, employees and representatives, and all persons in active concert or participation with them, be permanently enjoined from reproducing, distributing, publicly displaying, promoting, derivatizing, advertising, selling/licensing, or engaging in any other form of dealing or transaction in any and all of Saflor's artwork or any derivatives thereof;

2. That an accounting be made for all profits, income, receipts or other benefit derived by Defendant from the unlawful reproduction, distribution, public display, derivatization, promotion, or licensing/sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringe upon Plaintiffs' copyrights pursuant to 17 U.S.C. § 504 (a)(1) & (b);

3. For actual damages and disgorgement of all profits derived by Defendant from its acts of copyright infringement and for all damages suffered by Saflor by reasons of Defendant's acts, under 17 U.S.C. § 504 (a)(1) & (b);

5. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c);

6. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

7. For costs and interest pursuant to 17 U.S.C. § 504 (a)(1) & (b), 17 U.S.C. § 505; and,

8. For any such other and further relief as the Court may deem just and appropriate.

Dated: October 27, 2026

**ONE LLP**

By: */s/ Peter R. Afrasiabi*
Peter R. Afrasiabi
John Tehranian
*Attorneys for Plaintiff,*
*Elmer Saflor*

## DEMAND FOR JURY TRIAL

Plaintiff Elmer Saflor hereby demands trial by jury of all issues so triable under the law.

Dated: October 27, 2026

**ONE LLP**

By: */s/ Peter R. Afrasiabi*

Peter R. Afrasiabi
John Tehranian
*Attorneys for Plaintiff*
*Elmer Saflor*